IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADRIAN HOLDEN | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-10-CV-0657-N |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Adrian Holden, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice for failure to exhaust state remedies.

I.

In 2008, petitioner was convicted of burglary of a habitation and sentenced to 25 years confinement. His conviction and sentence were affirmed on direct appeal. *Holden v. State*, No. 05-08-00149-CR, 2008 WL 5401539 (Tex. App.--Dallas, Dec. 30, 2008). A petition for discretionary review was denied as untimely. *Holden v. State*, PD-0767-09 (Tex. Crim. App. Jun. 2, 2009). On April 2, 2010, petitioner filed an application for state post-conviction relief. That application is still pending. *Ex parte Holden*, W-0673801. The same day, petitioner filed an application for writ of habeas corpus in federal district court. In his federal writ, petitioner contends that: (1) he received ineffective assistance of counsel; (2) there was no evidence that he used a knife during the

commission of the burglary; (3) the prosecutor made an improper jury argument; and (4) the state failed to prove the offense alleged in the indictment.

On April 12, 2010, the court sent written interrogatories to petitioner in order to determine whether he exhausted his state remedies. Petitioner answered the interrogatories on April 29, 2010. The court now determines that this case should be dismissed without prejudice.

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus under Tex. Code Crim. Proc. Ann. art. 11.07. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista*, 793 F.2d at 110.

It is clear that petitioner has not presented any of his claims to the Texas Court of Criminal Appeals in a procedurally correct manner. His petition for discretionary review was denied as untimely. An application for state post-conviction relief is still pending. Because petitioner has failed to exhaust his state remedies, this case must be dismissed. *See Wilmore v. Dretke*, No. 3-04-CV-0608-N, 2004 WL 1108884 at *1 (N.D. Tex. May 14, 2004), *rec. adopted*, 2004 WL 1253397 (N.D. Tex. Jun. 7, 2004) (dismissing federal writ for failure to exhaust state remedies where petitioner did not timely file a petition for discretionary review and had not sought state post-conviction relief).

## **RECOMMENDATION**

It plainly appears from the face of the pleadings that petitioner has not exhausted his state remedies. Accordingly, his application for writ of habeas corpus should be summarily dismissed without prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 5, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE